UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2024 JUL 23  AM 10: 05

CLERK

BY _____
DEPUTY CLERK

JEANNE HULSEN,                    )
                                  )
          Plaintiff,              )
                                  )
     v.                           )        Case No. 5:20-cv-177
                                  )
BURLINGTON SCHOOL DISTRICT,       )
                                  )
          Defendant.              )

**ORDER ON MOTION TO COMPEL PRODUCTION**
**(Doc. 52)**

On May 24, 2024, the court ordered Plaintiff to provide a privilege log and copies documents withheld on ground of privilege. (Doc. 85.) Plaintiff has complied and the court has completed in camera review of the documents provided. The court has applied the legal standard under Fed. R. Civ. P. 26(b)(4). As amended in 2010, the rule extends the trial-preparation privilege to draft reports and to communications between the expert and counsel except for communications concerning compensation; those containing facts or data relied upon by the expert; and those identifying assumptions the expert relief upon in forming her opinions.

The materials reviewed are emails, including attachments. They fall into the following categories. Some emails provide additional facts for the expert (Dr. Seguino) to consider or respond to her request for additional facts. The court has ordered production of these. Other emails contain suggestions from Plaintiff's counsel John Franco concerning adjustments and editorial improvements to draft reports from the expert. The court has identified these as not privileged. Some emails concern the scheduling of telephone calls and conferences. The court has identified these as non-privileged. Some emails concern Dr. Seguino's time charges and bills. The court has identified these as privileged.

1

## ANALYSIS

The documents provided for in camera review and the court's ruling follow:

**Doc. 19** – emails between Mr. Franco and Dr. Seguino concerning scheduling and forwarding Plaintiff's initial disclosure and attachments.[1]

PRIVILEGED. These contain nether facts nor assumptions (except for the initial disclosures that were previously served on Defendant).

**Doc. 20** – emails concerning discount rate on front pay claim for future loss income.

PRIVILEGED. This is a discussion of methodology. It does not contain facts or assumptions.

**Doc. 21** – emails concerning potential COLA adjustment of city pensions.

PRIVILEGED. The emails table the issue until more facts are available from the city. They identify the problem without providing any facts or assumptions.

**Doc. 22** – emails concerning scheduling.

PRIVILEGED. These contain no facts or assumptions.

**Doc. 23** – emails about the text of a draft report.

PRIVILEGED. These contain comments from counsel about the methodology used in a draft report.

**Doc. 24** – emails forwarding information provided by defense counsel William Ellis to Dr. Seguino. The email from Mr. Ellis is dated 8/20/21. The email string also contains comments from Mr. Franco to Dr. Seguino concerning Mr. Franco's calculation of certain pension contributions based on the information provided by Mr. Ellis.

---

[1] All references to "emails" concern emails between Mr. Franco and Dr. Seguino without copies to anyone else.

PRIVILEGED.   The calculations by Mr. Franco are part of the internal drafting process. Mr. Ellis already has the underlying data he provided by email on 8/20/21.

**Doc. 25** – emails commenting on the draft expert report.

PRIVILEGED.   These contain various statements and work sheets about the method of calculating and reporting on damages.  They include an email from Mr. Ellis dated 8/23/21 showing figures for Plaintiff's city retirement.

**Doc. 26** –emails concerning redrafting of the expert report.

PRIVILEGED.   Counsel brought certain facts to the expert's attention.  These facts are found in the Burlington School District's interrogatory responses which Defendant already has. The additional comments from Plaintiff's counsel and the expert are part of the drafting process for the report and protected from disclosure.

**Doc. 27** – emails concerning methodology.

PRIVILEGED.

**Doc. 28** – emails concerning scheduling and legal strategy.

PRIVILEGED.

**Doc. 29** – email concerning half time status of another employee.

NOT PRIVILEGED.   This is additional factual information supplied to the expert.  The email should be provided to the defense.

**Doc. 30** – email concerning scheduling of release of report.

PRIVILEGED.   This email contains no additional facts and concerns counsel's review of a revised report.

**Doc. 31** – email forward a Second Circuit decision concerning the method by which future compensation should be calculated.

3

PRIVILEGED.  This goes directly to methodology, not to facts or assumptions.

**Doc. 32** – email forwarding payroll stubs of another Burlington School District employee.

NOT PRIVILEGED.  These are additional facts supplied to the expert.

**Doc. 33** – email concerning Dr. Seguino's calculations.

PRIVILEGED.  The email reflects initial findings by the expert.

**Doc. 34** – email concerning file materials provided to Dr. Seguino.

NOT PRIVILEGED.  This email describes facts and summaries provided to Dr. Seguino for her review in preparing her report.  The email and attachments are fairly discoverable.

**Doc. 35** – email concerning deadline for reports and potential request for additional opinions.

PRIVILEGED.  The email contains no specific facts or assumptions.  It concerns a potential additional area of investigation.

**Doc. 36** – email concerning excerpt from BSD's discovery.

NOT PRIVILEGED.  The email forwards a document for Dr. Seguino's consideration.

**Doc. 37** – email concerning documents provided to Dr. Seguino for her review.

NOT PRIVILEGED.  The email identifies documents she is requested to consider in creating her supplemental report.

**Doc. 38** – emails concerning additional information provided by counsel.

NOT PRIVILEGED.  These emails provide additional facts on which Dr. Seguino relied in reaching her opinions including salary differentials for another employee (Mr. Pinckney). Although the emails contain some information about the method by which Dr. Seguino reached her conclusions, the emails are primarily about the various facts supplied by defense counsel—

4

described as "three lots of attachments . . . along with our response to the contention interrogatory."

**Doc. 39** – email forwarded from plaintiff with information concerning the number of staff involved in coaching high school sports.

NOT PRIVILEGED except for the first sentence.  The body of the email contains factual information supplied to the expert.   The first sentence ("Still feeling . . .") is subject to the attorney-client privilege.

**Doc. 40** – email seeking another copy of an earlier email (Doc. 37).

NOT PRIVILEGED.

**Doc. 41** – email from counsel to Dr. Seguino forwarding factual information about the job descriptions of other school employees.

NOT PRIVILEGED.

**Doc. 42** – email exchange concerning factual information provided by Defendants in discovery.

NOT PRIVILEGED.

**Doc. 43** – email from counsel directing attention to particular Bates numbers and documents.

PRIVILEGED.  This email concerns editorial improvements to the support for Dr. Seguino's draft opinion.   It does not contain new factual information.

**Doc. 44** – email exchange concerning the sports offered at BHS.

NOT PRIVILEGED.  This email provides new factual material to the expert.

**Doc. 45** – This email exchange concerns minor editorial improvements.

PRIVILEGED.

**Doc. 46** – email concerning corrections to the report.  No new facts.

PRIVILEGED.

**Doc. 47** – email from Dr. Seguino to counsel forwarding "corrected supplemental expert report."

PRIVILEGED.

**Doc. 48** – email from counsel forwarding BSD's expert disclosure.

PRIVILEGED.

**Doc. 49** – email from counsel suggesting a minor change in language.

PRIVILEGED.

**Doc. 50** – email exchange concerning two Bates documents.

NOT PRIVILEGED.  These emails concern factual material supplied to the expert.

**Doc. 51** – email from Dr. Seguino with draft report.

PRIVILEGED.

**Doc. 52** – email exchange concerning Plaintiff's responsibilities for "bullying and hazing" and opposing expert's methodology.

PRIVILEGED.   No new facts.  These emails describe the development of Plaintiff's legal position.

**Doc. 53** – Dr. Seguino's draft rebuttal report.

PRIVILEGED.

**Doc. 54** – email exchange concerning Plaintiff's response to defense expert.

PRIVILEGED.   These emails concern the development of Dr. Seguino's rebuttal opinions.

6

**Doc. 55** – email exchange concerning Plaintiff's legal position as it appears in her mediation statement.

PRIVILEGED.

**Doc. 56** – email concerning scheduling of a conference.

PRIVILEGED.

**Doc. 57** – email exchange concerning correction to report (net salary differential).

PRIVILEGED.

**Doc. 58** – email exchange concerning the correction (Doc. 57).

PRIVILEGED.

**Doc. 59** – email concerning changes to rebuttal report.

PRIVILEGED.

**Doc. 60** – email concerning scheduling of a conference.

PRIVILEGED.

**Doc. 61** – email forwarding final version of rebuttal report.

PRIVILEGED.

**Doc. 62** – expert witness's bill.

NOT PRIVILEGED.

**Doc. 63** – email concerning expert witness's charges.

NOT PRIVILEGED.

## **Conclusion**

The motion to compel production (Doc. 52) is GRANTED IN PART and DENIED IN

PART.  Plaintiff shall produce the materials ruled "non-privileged" within 15 days.

Dated at Burlington, in the District of Vermont, this 23rd day of July, 2024.

Geoffrey W. Crawford, Judge
United States District Court

8