UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| JEANNE HULSEN, | * | Civil Action No. 5:20-cv-177 |
|     Plaintiff | * | |
| | * | |
| v. | * | |
| | * | |
| BURLINGTON SCHOOL | * | |
| DISTRICT, | * | |
|     Defendant | * | |

## PLAINTIFF'S MOTIONS *IN LIMINE*

Now comes the plaintiff and moves that the court exclude the following from the evidence to be presented to the jury.

**I.     REFERENCE TO LIQUIDATED DAMAGES.**

The Vermont Faire Employment Practices Act 21 V.S.A. §495b(c) provides

> Any employer who violates the provisions of subdivision 495(a)(7) of this title *shall* be liable to any affected employee in the amount of the underpaid wages and an equal amount as liquidated damages… (emphasis added)

While it is for the jury as the fact finder to determine the amount of underpaid wages in an equal pay claim, once such award if made, the award of liquidated damages is mandatory and automatic, and therefore not within the province of the jury as fact finder.

In addition, the presentation of such evidence could be confusing to the jury in its deliberations of the lost wages claim, and therefore potentially prejudicial, being viewed as a reason to reduce the lost wages to be awarded.

**II.    TESTIMONY OF SUPERINTENDENT THOMAS FLANAGAN.**

Current BSD Superintendent Tom Flanagan did not commence working at BSD until July 1, 2020, [*MSJ Opposition* Exhibit #7, Doc. 76-10, *Burlington School District*

1

*2020 Annual Report* p.3] the day *after* Ms. Hulsen's 22-year tenure ended. He therefore lacks any Rule 602 personal knowledge upon which to give the following testimony:

- that Mr. Hayes' new position as BHS full time athletic coordinator "is the closest equivalent" to plaintiff's old job as BHS Athletic Director." BSD *MSJ* Exhibit B, Flanagan affidavit Doc. 62-5,¶¶68-69;

- that as BHS Athletic Director Ms. Hulsen did not have responsibility for helping remove language barriers to make athletics available to all students, and available, handling matters regarding hazing bullying, and harassment, *Id.* ¶¶87-89;

- that Ms. Hulsen's activities did not involve the programs with the two middle schools. *Id.* ¶¶17, 71, 73, 74, 96, 91, 92; and

- that during Ms. Hulsen's tenure "BSD's Athletics program had no social media presence" internet, or public relations responsibilities. *Id.* ¶75.

Finally, he also commented "upon information and belief" about (i) the activities of a booster organization *Seahorses Pride* regarding improvements to BHS athletics and (ii) opines that the position of BHS Student Activities Director was a .75 FTE position. Both long predated his employment at BSD. Because he did not commence his work with BSD until July 1, 2020, he has no personal knowledge required by Rule 602 of these issues, and has a related Rule 801(c)(2) hearsay problem. Both statements must be disregarded as inadmissible.

### III.    CURRENT SCHOOL BOARD CHAIR CLARE WOOL.

Current School Board Chair Clare Wool at affidavit BSD's *MSJ* Exhibit A, Doc. 62-4, ¶¶59-64 also claims that Mr. Hayes' new position as BHS full time athletic coordinator "is the closest equivalent" to plaintiff's old job as BHS Athletic Director. She, too, lacks the personal knowledge to make this comparison as required by Fed. R. Evid. 602. At the time of Ms. Hulsen's tenure she was a school board member. As a member of BSD local legislative body Ms. Wool had no day-to-day supervision or

2

personal knowledge of Ms. Hulsen's "actual job requirements and tasks" required by Fed. R. Evid. 602, by *EEOC v. Port Authority of New York and New Jersey,* 768 F.3d 247, 254-56 (2014), and by 29 C.F.R. §1620.13(e) upon which to make a comparison. Her following testimony is also inadmissible:

- That Ms. Hulsen's activities did not involve the programs with the two middle schools. *Id.* ¶61.

- That during Ms. Hulsen's tenure "BSD's Athletics program had no social media presence" *Id.* ¶¶74-75.

- That as BSD Athletic Director Ms. Hulsen did not have responsibility for helping remove language barriers to make athletic available to all students, handling matters regarding hazing, bullying, and harassment, and related activities. *Id.* ¶¶78-79.

Finally, Ms. Wool also opines that Superintendent Obeng "determined that it was the appropriate time to implement Seahorse Pride's recommendation to create a new district-wide position for athletics within the administration." [*Id.* affidavit ¶¶40-58]. Ms. Wool's statements concerning what Mr. Obeng thought or the reasons for what he did are inadmissible hearsay under Rule 801(c)(2).

Dated at Burlington, Vermont this 27th day of June, 2025.

/s/ *John L. Franco, Jr.*
John L. Franco, Jr.
Attorney for Jeanne Hulsen

Law Office of John L. Franco, Jr. 110 Main Street Burlington, Vermont 05401
(802) 864-7207
johnfrancolaw@aol.com